
# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TREVIN JONES, | **Superior Court Case No. <u>SP0134-20</u>** |
| Petitioner, | |
| vs. | **DECISION AND ORDER** |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES | |
| GOVERNMENT OF GUAM, | |
| Respondents. | |

Upon the conclusion of the evidentiary hearing on September 24, 2020, the Court issued a ruling from the bench in favor of Petitioner Trevin Jones. The Court found that Respondent Department of Public Health and Social Services (DPHSS) failed to comply with Guam law in quarantining Jones. This Decision and Order memorializes the Court's ruling.

## I. PROCEDURAL BACKGROUND

On September 21, 2020, Jones petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e), 8 GCA § 135.10, 7 GCA § 30201, and 7 GCA. § 20301. On September 23, 2020, the Court heard testimony from Jones. The Court also consolidated the evidentiary hearing in this case with other matters involving DPHSS' quarantine and DPHSS Guidance Memo 2020-11 Rev7 ("Rev7").[1]

## II. FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

---

[1] SP0127-20; SP0129-20; SP0130-20; SP0131-20; SP0132-20; SP0135-20; SP0137-20; and SP0138-20.



ORIGINAL

1. Jones is a professional mixed martial arts fighter who competes in the Ultimate Fighting Championship ("UFC").

2. On August 20, 2020, he represented Guam at "UFC Vegas 7" in Las Vegas, Nevada. As a condition of his participation in the fight, the UFC required him to quarantine and test negative for COVID-19.

3. Following the competition, Jones remained in Las Vegas to seek treatment and rehabilitation at the UFC performance institute for injuries that he sustained during the fight. Jones sustained injuries during the fight, which were severe enough to prevent him from travelling back to Guam for three weeks.

4. On September 16, Jones arrived in Guam from Las Vegas, with transit through California and Hawaii.

5. Prior to his arrival, Jones obtained a negative COVID-19 test result. *See* Ex. HH. While not stated on the test, Jones claims that he took the test on September 14. *See* V. Pet. ¶ 44.

6. Upon arrival, DPHSS provided Jones with a voluntary quarantine form without explaining whether he could refuse to sign and if so, what the procedures would be in the alternative.

7. Jones objected to the quarantine in a government facility. V Pet. ¶ 53.

8. Respondents transported Jones to the Dusit Thani, a government quarantine facility, for a fourteen-day quarantine.

9. Jones continues to suffer from his injuries, however, while in the government facility quarantine, he was unable to procure the required continued medical treatment or physical therapy for his injuries. Jones contacted DPHSS on a daily basis to request an


ORIGINAL

exemption in order to be transferred to home quarantine so that he could get the required treatment, including chiropractic care for his injuries. DPHSS did not respond to Jones' requests prior to the hearing.

10. On September 23, 2020, the hearing date for Jones' Petition, DPHSS issued him a written directive. *See* Ex. GG.

11. Also on September 23, the Court instructed DPHSS to address Jones' request for a hardship exemption due to his medical needs.

12. The following day, on September 24, DPHSS informed the Court that it was in receipt of Jones' emergency hardship exemption application and was in the process of reviewing it.

13. Also on September 24, DPHSS informed the Court that Jones was scheduled to be tested.

14. Jones testified that he had not experienced any symptoms related to COVID-19.

## III. LAW AND DISCUSSION

In his Petition, Jones argues that Respondents failed to undertake quarantine in strict compliance with 10 G.C.A. 19605(a) or (b) and, for that reason, his continued quarantine in a government facility is extralegal and therefore void. Specifically, Jones contends that DPHSS did not issue him a written directive upon quarantining him, as required by section 19605(a)(1); and that DPHSS failed to adequately address his medical needs, evidenced by their lack of response to his requests for a hardship exemption.

In regards to DPHSS's failure to provide Jones a written directive, the Court has now twice ruled in a companion case, *Igros*, that quarantine during this relevant period was mandatory and that DPHSS is required to adhere to the due process protections afforded by section 19605, including issuing directives upon quarantining individuals pursuant to section 19605(a) or petitioning the Court to quarantine incoming travelers under section 19605(b). *See*


ORIGINAL

*Igros v. DPHSS*, SP0127-20 (Findings Of Fact and Concls. Of Law, Sep. 12, 2020); *id.* (Dec. and Order re Mot. Reconsideration (Oct. 15, 2020)). Since DPHSS failed to issue Jones a written directive upon quarantining him, *see* Ex. GG, DPHSS failed to comply with Guam law governing mandatory quarantine. DPHSS failed to adequately inform Jones of the nature of his quarantine, his rights to challenge the quarantine, or his right to court-appointed counsel. *See also*, *Ikei v. DPHSS*, SP0138-20 (Findings of Fact and Concls. of Law *24 (Oct. 27, 2020)).

Next, the Court turns to whether DPHSS adequately addressed Jones' medical needs. Under section 19605(c)(2), a quarantined individual may request a hearing for remedies regarding breaches to the conditions of quarantine. *See* 10 GCA 19605(c)(2). The conditions and principles of quarantine that DPHSS are required to follow are found in section 19604(b). *See* 10 GCA 19604(b). Under section 19604(b)(6), DPHSS is required to provide, "in a systematic and competent fashion. . . adequate medication and competent medical care." 10 GCA 19604(b)(6).

The Court credits Jones' testimony that he required medical care to rehabilitate injuries sustained from his UFC fight; and that he attempted to contact DPHSS on a daily basis to request a medical exemption. DPHSS did not respond until the Court instructed it to do so on September 23. Based on Jones' injuries and DPHSS' lack of response to his requests, the Court finds that DPHSS did not address his medical needs as required under section 19604(b)(6). *See Ikei*, SP0138-20 (Findings of Fact and Concls. of Law *15 (Oct. 27, 2020)) ("When examining whether DPHSS has lawfully quarantined individuals for any term, the Court must carefully analyze the 'reasonably necessary,' 'least restrictive means,' and 'substantial risk' tests to determine if DPHSS has satisfied the legislative principles announced in section 19604.").



## IV.   CONCLUSION AND ORDER

Jones stipulated that he agreed to quarantine at home for the remainder of his fourteen-day quarantine. Accordingly, DPHSS is ORDERED to transfer Trevin Jones to home quarantine as it violated section 19605(a) in not issuing Jones a written directive upon quarantining him and it violated section 19604(b)(6) in not adequately addressing Jones' medical needs.

SO ORDERED this 6th day of November 2020 nunc pro tunc to 24 September 2020.



**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., for Petitioner Trevin Jones
Deputy Attorney General James L. Canto, II, Esq., Office of the Attorney General, for DPHSS